```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

MJR International, Inc.,       :

    Plaintiff,              :

    v.                      :     Case No. 2:06-cv-0937

American Arbitration           :     JUDGE MARBLEY
Association, et al.,
                            :
    Defendants.

                       REPORT AND RECOMMENDATION

    This action was filed in the Union County Court of Common Pleas by plaintiff, MJR International, Inc.  The two named defendants were the American Arbitration Association (AAA) and Victoria's Collection, Inc.  The complaint prayed for declaratory and injunctive relief which, if granted, would have prevented Victoria's Collection from proceeding with an arbitration against MJR before the AAA.

    On November 8, 2006, Victoria's Collection filed a notice of removal.  An amended notice of removal was filed on December 22, 2006.  MJR filed a motion to remand after the original notice of removal was filed, and filed a supplemental motion to remand on January 10, 2007.  Victoria's Collection filed a memorandum in opposition to the original motion to remand.  For the following reasons, it will be recommended that the motion to remand be denied.

                                  I.

    For purposes of ruling on the motion to remand, it is important to recite in some detail the procedural history of the case.  As noted, the case began when MJR filed its complaint in the Union County Court of Common Pleas.  The complaint alleged

that Victoria's Collection instituted an arbitration proceeding with the AAA which named MJR as a party.  This apparently occurred twice.  The first time, after MJR objected to being included in the arbitration, Victoria's Collection discontinued the proceeding, but it subsequently renewed its demand and the AAA began its ordinary adjudication process.  MJR asserts that it never entered into an agreement to arbitrate and, as a result, the arbitration is proceeding without legal authority.  MJR sought declaratory and injunctive relief under Ohio law which would prevent Victoria's collection from either continuing with the arbitration before the AAA or instituting arbitration proceedings elsewhere.

The original removal petition asserted that diversity jurisdiction existed because MJR does not share citizenship with Victoria's Collection and the amount in controversy was sufficient to satisfy 28 U.S.C. §1332(a).  The petition also asserted that the AAA was not joining in the removal "because they contend the litigation against them was improperly commenced" and that the AAA would "not be appearing or otherwise participating in the instant matter."  <u>Removal petition</u>, at ¶4.  The amended removal petition added more specific allegations concerning the amount in controversy, specifically asserting that the underlying arbitration involved a breach of contract claim on which Victoria's Collection sought $734,000 in general damages.

In its motion to remand, MJR raises two arguments.  First, it contends that the amount in controversy requirement of 28 U.S.C. §1332(a) has not been satisfied because the value of its claim for declaratory and injunctive relief concerning the arbitrabilty of the parties' dispute is not the same as the value of the underlying dispute and is less than $75,000.  Second, it asserts that because the AAA did not join in the removal petition, the removal is procedurally defective.  The Court will

address each of these arguments in turn.

## II.

The first question presented by the motion to remand is whether the $75,000 amount in controversy requirement of 28 U.S.C. §1332(a) has been satisfied. MJR, without citing to any cases which deal with the specific fact pattern present here, asserts generally that the value of the case is to be determined from the viewpoint of the plaintiff, and that its claim for declaratory and injunctive relief does not have a value in excess of $75,000. The case law strongly suggests otherwise.

It is not always an easy task to determine, for jurisdictional purposes, the value of a claim for non-monetary relief. In cases involving arbitration proceedings, however, the courts have typically determined the value of a request for declaratory or injunctive relief relating to the proceedings by looking to the amount at stake in the arbitration itself. Thus, "[w]here the action is one to enforce arbitration, courts determine the amount in controversy by looking through to the amount of the possible award in the underlying arbitration." Hampbell v. Alphagraphics Franchising, 779 F.Supp. 910, 912 (E.D. Mich. 1991). Following that general principal, and relying on cases such as Manze v. State Farm Insurance Co., 817 F.2d 1062 (3rd Cir. 1987), the Hampbell court concluded that a state court suit in which the plaintiff sought to enjoin an arbitration that the defendant had commenced with the AAA had a value, for jurisdictional purposes, of the amount which the defendant sought in the arbitration. In that case, because $700,000 was at stake in the arbitration, the $75,000 requirement of §1332(a) was easily satisfied.

The only other reported cases dealing with similar situations all follow this rule. The Third Circuit in the Manze case dealt with a slightly different situation, involving a

petition to appoint a neutral arbitrator rather than an action to enjoin an arbitration, but concluded that because the petition involved one step in litigation which ultimately would lead to an arbitration award and an action either to enforce or vacate that award, the amount in controversy in the case before the court was the same as that in the arbitration. That decision has been reaffirmed in the Third Circuit, see Jumare v. State Farm Insurance Co., 55 F.3d 873 (3rd Cir. 1995), and the same rule has been adopted in the Fifth Circuit. See Webb v. Investacorp, 89 F.3d 252 (5th Cir. 1996). There do not appear to be any decisions to the contrary.

The Court agrees with these cases that the correct way to value most claims relating to arbitration proceedings is to do so with reference to the amount at stake in the arbitration. Here, the amended removal petition makes clear that the amount involved in the arbitration is at least $734,000. This amendment simply clarified an allegation in the initial removal petition that the amount in controversy requirement of §1332(a) had been satisfied. Consequently, the Court concludes that Victoria's Collection was entitled to remove this case under 28 U.S.C. §1441(a).

III.

The only other argument advanced by MJR in favor of remand is that the AAA did not join in the removal petition. The parties agree that, ordinarily, all parties defendant who are properly joined and served in the state court litigation must join in the removal petition. However, Victoria's Collection argues that an exception applies here which permits the Court to disregard the failure of a formal or nominal party to join in a removal petition because such a party is not a real party in interest to the litigation.

The Court of Appeals for the Sixth Circuit, acknowledging that formal or nominal parties may be disregarded for removal

4

purposes, has held that, for removal purposes, "the real party in interest is the person who is entitled to enforce the right asserted under the governing substantive law. <u>Certain Interested Underwriters at Lloyd's, London, England v. Layne</u>, 26 F.3d 39, 42-43 (6th Cir. 1994); <u>see also Rose v. Giamatti</u>, 721 F.Supp. 906 (S.D. Ohio 1989). It would appear that the AAA does not satisfy the real party in interest test because it has no entitlement to enforce any rights under the substantive law governing the contract issue between these parties. Consequently, under this definition, the AAA is simply a nominal party who need not join the removal petition in order to make it effective.

In fact, there are decisions specifically holding that the AAA or a similar body which conducts arbitrations may be treated as a formal or nominal party for removal purposes. As the court in <u>Aberle Hoisery Co. v. American Arbitration Association</u>, 337 F.Supp. 90, 92 (E.D. Pa. 1972) stated:

> The American Arbitration Association is such an unnecessary party. Clearly it has no interest in the subject matter of this action. Moreover the relief which [plaintiff] seeks can be granted without joinder of the Association as a defendant. If [the remaining defendant] is enjoined from proceeding with arbitration, then obviously the matter will not be arbitrated.

A similar result was reached in <u>Northern Illinois Gas Co. v. Airco Industrial Gases</u>, 676 F.2d 270 (7th Cir. 1982). Again, there does not appear to be any contrary authority, and the Court finds these decisions persuasive on the issue of whether the AAA is a nominal party in this case. For that reason, there was no need for the AAA to have joined in the removal petition and the petition was effective when filed.

IV.

Based upon the foregoing, it is recommended that the plaintiff's motion to remand (#6) be denied.

5

<u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp  
United States Magistrate Judge
