IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


MJR International, Inc.,          :

            Plaintiff,            :

            v.                    :     Case No. 2:06-cv-0937

American Arbitration             :     JUDGE MARBLEY
Association, et al.,
                                  :
            Defendants.

OPINION AND ORDER

        This case is before the Court to consider both objections
which have been filed by plaintiff, MJR International, Inc., to a
Report and Recommendation of the Magistrate Judge concerning
MJR's motion to remand, and a motion filed by defendant
Victoria's Collection, Inc., to transfer this case to the United
States District Court for the Southern District of New York.  For
the following reasons, the objections will be overruled and the
motion to transfer will be denied.

                                I.

        The Court begins with the objections to the Report and
Recommendation.  Because the Magistrate Judge's Report and
Recommendation dealt with a motion to remand this case to state
court, the issue raised by the objections (and the motion itself)
is jurisdictional and should ordinarily be decided prior to
considering other matters in the case.  See generally Sinochem
Intern. Co. Limited v. Malaysia Intern. Shipping Corp., 127 S.Ct.
1184 (2007).  The Report and Recommendation will be reviewed de
novo.

        The Magistrate Judge recommended that the motion to remand
to state court be denied because the American Arbitration

Association, which was named as a defendant but which did not join in the removal petition, is a nominal party, and because the amount in controversy in this case exceeds $75,000.00. MJR objects to each of those conclusions.

In order to determine the amount in controversy in this case, the Magistrate Judge "looked through" the procedural aspects of the instant case (which involves MJR's request that the Court enjoin the defendants from proceeding with an arbitration based upon MJR's contention that it never entered into a contract containing a valid and enforceable arbitration clause) to the amount at issue in the arbitration proceedings itself. Because that amount exceeded $75,000.00, the Magistrate Judge, relying on a number of cases adopting such an approach when an issue of arbitrability is presented, concluded that the amount in controversy requirement had been satisfied.

MJR contends that the total value of this case is measured only by the monetary worth of the injunction which it seeks. It asserts that the injunction itself has little or no monetary value, and that to place a value on such injunctive relief, especially a value in excess of $75,000.00, is purely speculative. In support, it cites several cases, including Mitchell v. Geico, 115 F.Supp.2d 1322 (M.D. Ala. 2000) and Stoller v. Nissan Motor Corp., 934 F.Supp. 423 (S.D. Fla. 1996) for the proposition that such equitable relief has little or no value.

Neither of the cases cited by MJR involve a dispute over arbitration. Mitchell was primarily a case for compensatory damages and any injunctive relief was incidental to those damages and therefore of no particular value. Stoller involved an action in equity for discovery. In that case, the court concluded that the only remedy sought by the plaintiff was access to information, and that such information, in and of itself, had no

2

ascertainable monetary value. By contrast, the cases cited at
pages 3-4 of the Report and Recommendation all involve
arbitrations. Each of them sets forth the general principle that
if a party comes to court seeking relief with respect to an
arbitration, whether such relief is an order to enforce an
arbitration award, to compel arbitration, or seek to avoid
arbitration, the proper measure of the amount in controversy is
the value of the claim that is, or may be, subject to
arbitration. The fact that MJR disputes that it is a party to an
arbitration agreement does not change this result. There is no
reason why its request to avoid arbitration should be measured,
for jurisdictional purposes, any differently than if this case
had been filed by the opposing party to compel arbitration.
Consequently, the Court agrees that the amount in controversy
should be measured here by the value of the underlying
arbitration. Because the parties agree that the amount at issue
in the arbitration exceeds $75,000.00, the jurisdictional amount
has been satisfied here.

　　　The Court also agrees that the American Arbitration
Association is only a nominal party in this case. Although the
relief sought by MJR includes an injunction against the AAA from
proceeding with the arbitration which has been scheduled, the AAA
has no real stake in the outcome of the case. Further, it need
not have been named as a party defendant, because an injunction
against Victoria's Collection would be sufficient to cause the
arbitration to be cancelled. As noted in Aberle Hoisery Co. v.
American Arbitration Association, 337 F.Supp. 90, 92 (E.D. Pa.
1972), cited at page 5 of the Report and Recommendation, if the
other party to the impending arbitration is enjoined from
proceeding, no arbitration will occur. The Magistrate Judge
further noted that there did not appear to be any authority
contrary to that case and other cases reaching the same result,

3

and MJR has cited none in its objections.  Consequently, the objections lack merit, and the Court will adopt the Report and Recommendation denying the motion to remand.

II.

Victoria's Collection has moved for a change of venue under 28 U.S.C. §1404(a).  That statutory provision allows the Court to transfer a case which is properly filed in a particular judicial district to a different district if the transfer would further the convenience of the parties and the witnesses and be in the interest of justice.  The motion to transfer is based upon the following factual assertions.

Victoria's Collection is not incorporated in, located in, or licensed to do business in the State of Ohio.  It asserts that its only United States office is located in Levittown, New York (although, according to MJR's opposing memorandum, Victoria's Collection is not licensed to do business in New York either).  The contract pursuant to which Victoria's Collection seeks to arbitrate its dispute with MJR contains provisions indicating that disputes under the contract would be resolved pursuant to the laws of the State of New York and that any litigation would occur in New York.  An entity that is not a party to this action but which is a party to that contract, Oxford Investment Group, is incorporated in New Jersey and has its principal place of business in the Southern District of New York.  The only relationship between the Southern District of Ohio and this litigation is that MJR is located here.  Consequently, Victoria's Collection contends that a change of venue is proper.

The general principles relating to a transfer of venue under 28 U.S.C. §1404(a) have been extensively discussed in various Court of Appeals and District Court decisions within the Sixth Circuit.  The purposes of transferring a case from one federal district to another, where venue is proper in each, are

4

to permit access to proof with greater ease, to allow witnesses to attend a trial, to enhance enforceability of any judgment rendered, and otherwise to permit a transfer when to do so would further the goal of a fair and efficient trial and remove any obstacles thereto. Holiday Rambler Corp. v. American Motors Corp., 254 F.Supp. 137 (W.D.Mich. 1966). Providing for a change of venue allows the Court to prevent unnecessary waste of time, energy and money and to protect witnesses and the public against unnecessary inconvenience and expense. Rowe v. Chrysler Corp., 520 F.Supp. 15 (E.D.Mich. 1981).

However, when balancing those various factors, the Court does not start with the assumption that the case should proceed in whichever forum is slightly more advantageous to the parties or the witnesses. Rather, it has long been held that the plaintiff's choice of a forum is entitled to considerable weight, and, consequently, the party moving for a change of venue must demonstrate that the interests served by 28 U.S.C. §1404(a) clearly favor a change of venue. Sun Oil Co. v. Lederle, 199 F.2d 423 (6th Cir. 1952); International Union of Electrical Radio and Machine Workers v. United Electrical, Radio and Machine Workers of America, 192 F.2d 847 (6th Cir. 1951); Nicol v. Koscinski, 188 F.2d 537, 537 (6th Cir. 1951); Central Investment Corp. v. Mutual Leasing Associates, Inc., 523 F.Supp. 74 (S.D.Ohio 1981); see also U.S. v. Cinemark USA, Inc., 66 F.Supp.2d 881 (N.D.Ohio,1999). Of course, although "a plaintiff's choice of forum should be given weight when deciding whether to grant a motion to change venue, this factor is not dispositive." Lewis v. ACB Business Services, Inc., 135 F.3d 389, 413 (6th Cir. 1998). Nevertheless, unless it can be said that, balancing all appropriate factors, plaintiff's choice of a forum is "clearly...inconvenient," a change of venue should not be ordered. Texas Eastern Transmission Corp. v. Marine Office-

5

-Appleton & Cox Corp., 579 F.2d 561, 568 (10th Cir. 1978).

Typically, of course, where several fora are available
in which to try a case, some inconvenience to one or more
parties will exist no matter which forum is chosen.
Consequently, if a change of venue serves merely to shift the
inconvenience from the plaintiff to the defendant, a change
of venue is improper. Raymond E. Danto Associates, Inc. v.
Arthur D. Little, Inc., 316 F.Supp. 1350 (E.D.Mich. 1970).
Consistent with that principle, a generalized assertion by a
defendant that witnesses reside in, and documents are located
in, the proposed transferee district, is generally insufficient
to support a change of venue. Hartford Accident & Indemnity Co.
v. Dalgarno Transportation, Inc., 618 F.Supp. 1450 (S.D.Miss.
1985). Rather, the defendant must show a specific hardship
involved in transporting documents to the plaintiff's chosen
district, see AMF, Inc. v. Computer Automation, Inc., 532 F.Supp.
1335 (S.D.Ohio 1982); Richards v. Upjohn Co., 406 F.Supp. 405
(E.D.Mich. 1976), and must also show that witnesses (usually
third party witnesses, rather than employees of the defendants)
are unwilling to attend a trial in that forum. See Gdovin v.
Catawba Rental Co., 596 F.Supp. 1325, 1327 (N.D.Ohio 1984);
Weltmann v. Fletcher, 431 F.Supp. 448, 451 n.3 (N.D.Ohio 1976).
The Court may also take into account other factors, including
which party is more easily able to bear the hardship involved
in litigating in a distant forum, Garrett v. Ruth Originals
Corp., 456 F.Supp. 376 (S.D.Ohio 1978), where the conduct
underlying the plaintiff's claims occurred, the comparative
docket congestion in the districts under consideration, and
the plaintiff's connection, if any, with the proposed
transferee forum. See Nicol v. Koscinski, supra; Artisan
Development v. Mountain States Development Corp., 402 F.Supp.
1312 (S.D.Ohio 1975). The instant motion for a change of

6

venue will be decided with reference to these principles.

The Court notes, first, that although Victoria's Collection refers to the choice of forum clause contained in the agreement which it entered into with Oxford Investment Group, it does not appear specifically to rely upon that clause as an independent basis for its motion.  In fact, it appears that the primary legal issue to be decided in this case is whether, in entering into that contract, Oxford Investment Group was acting as an agent of MJR and whether MJR is therefore bound by the arbitration clause or other provisions contained in the Oxford Investment Group/Victoria's Collection contract.  Because that is an open issue, the Court cannot conclude, for purposes of the change of venue motion, that MJR is bound by the forum selection clause in that contract.  MJR notes that in its contract with Oxford Investment Group, it specified that the law of Ohio would apply to any disputes and that litigation would occur in Ohio. Consequently, the Court concludes, at this juncture, that neither contract is particularly helpful in determining whether a change of venue is appropriate, and that the issue should be analyzed under the more traditional factors relevant to the §1404(a) inquiry.

None of those factors strongly favors a change of venue.  It does appear to be true that a single non-party witness, a representative of Oxford Investment Group, could not be compelled to testify in Ohio but could be called as a witness in New York. However, that person's testimony can be preserved by way of deposition.  There do not appear to be any significant number of documents involved in this case, and the legal issue concerning whether MJR appointed Oxford Investment Group as its agent to negotiate the contract in question is therefore bound by the arbitration clause in the contract does not appear to be a fact-intensive one requiring the testimony of a large number of

witnesses.  Neither party has suggested that the laws of Ohio and
New York concerning contract interpretation are significantly
different.  Just as it would be inconvenient for Victoria's
Collection to litigate in Ohio, it would be inconvenient for MJR
to litigate in New York.  Consequently, given the fact that the
plaintiff's choice of forum is entitled to be given some weight,
and perhaps significant weight where, as here, the plaintiff is a
resident of the chosen forum, and the fact that the other factors
do not strongly favor a change of venue, the request to change
venue will be denied.

                                III.

     Based upon the foregoing, the objections of plaintiff, MJR
International, to the Magistrate Judge's Report and
Recommendation (#23) are OVERRULED and the Report and
Recommendation is ADOPTED.  The motion to remand (#6) and
supplemental motion to remand (#19) are both DENIED.  Further,
the motion of defendant Victoria's Collection, Inc. to change
venue (#22) is DENIED.


                              s/Algenon L. Marbley
                              Algenon L. Marbley
                              United States District Judge


                                  8